479 So.2d 786 (1985)
STATE of Florida, Appellant,
v.
Ross J. GRECO, Susan Greco, Sam Falzone and Heather Everett, Appellees.
No. 85-64.
District Court of Appeal of Florida, Second District.
November 15, 1985.
Rehearing Denied December 19, 1985.
*787 Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellant.
A.R. Mander, III of Greenfelder & Mander, P.A., Dade City, for appellee Sam Falzone.
Peter A. Proly of Law Offices of Riley & Proly, Port Richey, for appellees Ross J. Greco and Susan Greco.
Frank McClung, Brooksville, for appellee Heather Everett.
GRIMES, Judge.
This is an appeal from an order of the county court declaring section 106.03, Florida Statutes (Supp. 1984), unconstitutional. Art. V, § 4(b)(1), Fla. Const.; § 26.012, Fla. Stat. (Supp. 1984).
The Pasco County Grand Jury issued an indictment against the appellees which read in pertinent part:
The Grand Jurors of the State of Florida, impaneled and sworn to inquire and true charge make in and for the body of the County of Pasco, upon their oath do charge that during the month of August, 1984, and continuing through the month of September, 1984 and on divers days in between, in Pasco County, Florida, ROSS J. GRECO, SUSAN GRECO, SAM FALZONE, and HEATHER EVERETT, acting as a political committee, did anticipate receiving contributions or making expenditures during a calendar year in an aggregate amount exceeding $500.00, and did knowingly and willfully fail to file a statement of organization as provided by Florida Statute 106.03, within ten (10) days after its organization or within ten (10) days after the date on which it has information which causes the committee to anticipate that it will receive contributions or make expenditures in excess of $500.00; contrary to Chapters 106.03 and 106.19, Florida Statutes, and against the peace and dignity of the State of Florida.
Upon motion of the appellees, the court entered an order dismissing the charges against them on the following grounds:
1. Section 106.03 is unconstitutionally vague and overbroad and fails to place ordinary citizens on notice as to what conduct *788 is proscribed and when compliance is required.
2. The indictment does not charge a crime because section 106.19 does not include section 106.03 "violations" within its provisions.
3. The indictment is deficient in that it fails to charge that each defendant knowingly and willfully acted as a political committee.
We reverse.

Constitutionality
The portion of section 106.03 germane to our consideration reads as follows:
(1) Each political committee which anticipates receiving contributions or making expenditures during a calendar year in an aggregate amount exceeding $500 or which is seeking the signatures of registered electors in support of an initiative shall file a statement of organization as provided in subsection (3) within 10 days after its organization or, if later, within 10 days after the date on which it has information which causes the committee to anticipate that it will receive contributions or make expenditures in excess of $500... .
Subject to certain exceptions not pertinent to our decision, section 106.011 defines political committee as:
(1) "Political committee" means a combination of two or more individuals, or a person other than an individual, the primary or incidental purpose of which is to support or oppose any candidate, issue, or political party, which accepts contributions or makes expenditures during a calendar year in an aggregate amount in excess of $500; "political committee" also means the sponsor of a proposed constitutional amendment by initiative who intends to seek the signatures of registered electors... .
A statute is vague if it fails to give adequate notice of what conduct is prohibited and which, because of its imprecision, may also invite arbitrary and discriminatory enforcement. Southeastern Fisheries Association v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984). Much of appellees' argument concerning vagueness consists of positing whether certain hypothetical fact scenarios fall within the scope of the statute. Thus, they ask: Are a husband and wife exempted from being a political committee? What if the primary purpose of two persons acting in concert is not political but one of them has an incidental purpose that is political? Do all the people who make up the combination have to share the identical political purpose or is it enough that 51% of the members have an incidental purpose? If the original members have no political purpose, do subsequent members having an incidental purpose cause the group to become a political committee? We need not respond to these questions until appellees demonstrate that their conduct is within the purview of such inquiries. As noted by the United States Supreme Court in New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982):
The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.
458 U.S. at 767, 102 S.Ct. at 3360-3361, 73 L.Ed.2d at 1129.
The appellees also point out the anomaly that section 106.03 requires a political committee to file a statement of organization whenever it anticipates receiving contributions or making expenditures of more than $500; yet, under the definition contained in section 106.011(1), a political committee only comes into existence after it has accepted contributions or made expenditures of more than $500 within a calendar year. We note, however, that the introduction to section 106.011 specifies that the terms enumerated therein shall be given their defined meanings "unless the context clearly indicates otherwise." Where the wording of a statute taken literally conflicts with the plain legislative intent, the wording must yield to the legislative *789 purpose. Beebe v. Richardson, 156 Fla. 559, 23 So.2d 718 (1945). Unquestionably, the legislature intended that there be a public disclosure of persons who have organized to seek substantial contributions or make substantial expenditures for a political purpose. Thus, we hold that section 106.03 applies to those who anticipate obtaining contributions or making expenditures in excess of $500 in a calendar year and who are otherwise defined in section 106.011(1), even though such contributions have not yet been obtained or such expenditures have not yet been made.
A statute is overbroad when it is susceptible of application to conduct protected by the first amendment. Carricarte v. State, 384 So.2d 1261 (Fla.), cert. denied, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980). Unlike the usual case, a person may attack a statute on grounds of overbreadth even though the conduct of the person is clearly unprotected and could be proscribed by a law drawn with the requisite specificity. New York v. Ferber. However, we do not find section 106.03 overbroad. In upholding federal election disclosure requirements against first amendment attack, the Supreme Court recognized that such laws vindicated the important governmental interests of deterring corruption and informing the electorate concerning where political contributions come from and where they are spent. Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). While striking down a law which restricted the size of contributions directed toward influencing referendums, the court in Let's Help Florida v. McCrary, 621 F.2d 195 (5th Cir.1980), aff'd sub nom. Firestone v. Let's Help Florida, 454 U.S. 1130, 102 S.Ct. 985, 71 L.Ed.2d 284, cert. denied, 454 U.S. 1142, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982), observed:
Florida can and does effectively promote the disclosure of large contributors through measures that are less harmful to first amendment rights. For example, sections 106.03 and 106.07 of the Florida Election Code require political committees to register with the state and to file information about each contribution and contributor throughout the campaign. This information is available to the public and may be published through newspapers and other media. Section 106.143 requires disclosure of the source of payment for all political advertisements and campaign literature. Measures such as these provide adequate disclosure without directly restricting contributions or other important first amendment rights.
621 F.2d at 200-201. The state's legitimate interest in ensuring that the public knows who is involved in raising and spending money for political purposes fully justifies the burden imposed by section 106.03. The statute does not impermissibly impinge upon any constitutionally protected rights.

Failure to Comply With Section 106.03 Constitutes a Crime
The criminal penalties for violating chapter 106 are set forth in section 106.19, Florida Statutes (1983), which reads:
(1) Any candidate; campaign manager, campaign treasurer, or deputy treasurer of any candidate; committee chairman, vice chairman, campaign treasurer, deputy treasurer, or other officer of any political committee; agent or person acting on behalf of any candidate or political committee; or other person who knowingly and willfully:
(a) Accepts a contribution in excess of the limits prescribed by s. 106.08;
(b) Fails to report any contribution required to be reported by this chapter;
(c) Falsely reports or deliberately fails to include any information required by this chapter; or
(d) Makes or authorizes any expenditure in violation of s. 106.11(3) or any other expenditure prohibited by this chapter... .
The court below concluded that the failure to file a statement of organization did not fall within the scope of this section. To the contrary, we believe that those within the purview of section 106.03 who knowingly *790 and willfully fail to file a statement of organization have deliberately failed to include "information required by this chapter" as proscribed by section 106.19(1)(c). Appellees suggest that the term "failing to include" means only that in providing some information not all of it is given. This interpretation would lead to the dubious conclusion that the filing of a statement of organization without including all of the requisite information would be a crime but there would be no penalty for providing no information whatsoever. The construction of a statute leading to an absurd result should be avoided. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974). We hold that section 106.03 requires the furnishing of the information called for in the statement of organization and that section 106.19 makes it a misdemeanor to deliberately fail to provide this information.

Sufficiency of the Indictment
The remaining basis for the court's ruling was that the indictment failed to include the allegation that the appellees knowingly and willfully acted as a political committee. However, there is nothing in the statute which refers to knowingly and willfully acting as a political committee. The allegation that appellees "did knowingly and willfully fail to file a statement of organization" sufficiently stated the statutory requirement of deliberately failing to include the requisite information. Whether the appellees knowingly and willfully acted as a political committee may ultimately bear upon the proof of deliberateness, but there was no need for the allegation to be in the indictment. An indictment or information should not be dismissed unless it is so vague, indistinct, and indefinite as to mislead the defendant and embarrass him in the preparation of his defense or expose him to double jeopardy. Fla.R.Crim.P. 3.140(o). Generally, a charging document which follows the statute will be upheld as long as it reasonably informs the defendant of the actions with which he is charged. State v. Dilworth, 397 So.2d 292 (Fla. 1981). The present indictment satisfies this requirement.
REVERSED.
RYDER, C.J., and DANAHY, J., concur.