500 So.2d 1337 (1987)
Sam FALZONE, Petitioner,
v.
STATE of Florida, Respondent.
No. 68178.
Supreme Court of Florida.
January 5, 1987.
*1338 A.R. Mander, III of Greenfelder, Mander, Hanson, Murphy and Townsend, Dade City, for petitioner.
Jim Smith, Atty. Gen. and Gary O. Welch, Asst. Atty. Gen., Tampa, for respondent.
ADKINS, Justice.
This cause is before the Court on appeal of a decision rendered by the Second District Court of Appeal in State v. Greco, 479 So.2d 786 (Fla. 2d DCA 1985), which expressly declared a state statute constitutional. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Sam Falzone and three other individuals were indicted by the Pasco County Grand Jury for allegedly failing to file a statement of organization as a political committee as required by sections 106.03, Florida Statutes (1984 Supp.), and 106.19, Florida Statutes (1983), of Florida's Campaign Finance Law. Section 106.03 provides in pertinent part:
(1) Each political committee which anticipates receiving contributions or making expenditures during a calendar year in an aggregate amount exceeding $500 or which is seeking the signatures of registered electors in support of an initiative shall file a statement of organization ... within 10 days after its organization or, if later, within 10 days after the date on which it has information which causes the committee to anticipate that it will receive contributions or make expenditures in excess of $500.
Section 106.19 sets forth criminal penalties for violations of chapter 106.
Pursuant to Falzone's motion, the county court dismissed the charges on the grounds that: 1) section 106.03 is unconstitutionally vague and overbroad; 2) the indictment does not charge a crime because section 106.19 does not include section 106.03 "violations" within its purview; and 3) the indictment fails to charge that each defendant knowingly and willfully acted as a political committee.
The district court reversed the dismissal of the charges and held section 106.03 constitutional. Subsequent to this decision, Falzone pled nolo contendere to the charges, reserving the right to appeal the district court's ruling on the constitutionality of the statutes. We have previously approved of this procedure in Brown v. State, 376 So.2d 382 (Fla. 1979).
We agree with the district court that section 106.03 is not vague or overbroad, and that the failure of a political committee to file a statement of organization is punishable under section 106.19.
The regulation of campaign activity and organization implicates the first amendment's protection of freedom of expression and association. Because campaign disclosure requirements impinge upon first amendment rights, laws compelling disclosures must be supported by a compelling governmental interest and be narrowly drawn so as to involve no more infringement than is necessary. Winn-Dixie Stores, Inc. v. State, 408 So.2d 211 (Fla. 1981).
We agree with the district court that requiring political committees to file a statement of organization pursuant to section 106.03 is supported by the compelling state interest of informing the electorate as to who is involved in raising and spending money for elections. 479 So.2d at 789. Indeed, the legitimate function of section 106.03 in promoting the disclosure of campaign contributions is recognized in Let's Help Florida v. McCrary, 621 F.2d 195 (5th Cir.1980), aff'd sub. nom. Firestone v. Let's Help Florida, 454 U.S. 1130, 102 *1339 S.Ct. 985, 71 L.Ed.2d 284, cert. denied, 454 U.S. 1142, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982). See also Winn-Dixie Stores Inc. v. State, 408 So.2d 211 (Fla. 1981). Having found that the requirement that political committees file statements of organization is supported by a compelling state interest, we must next determine whether section 106.03 is vague or overbroad.
This Court's analysis of vagueness and overbreadth claims has been in light of federal constitutional protections. City of Daytona Beach v. Del Percio, 476 So.2d 197, 203 (Fla. 1985). Because statutes attempting to restrict the exercise of first amendment rights could well have a chilling effect on constitutionally protected expression, the United States Supreme Court has broadened the rules of standing to permit persons to challenge a statute: "not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick v. Oklahoma, 413 U.S. 601, 612, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973).
Because of this relaxed standing requirement, the United States Supreme Court applies a strict standard of substantial overbreadth to the review of facial overbreadth challenges:
Because of the wide-reaching effects of striking down a statute on its face at the request of one whose conduct may be punished despite the first amendment, we have recognized that the overbreadth doctrine is "strong medicine" and have employed it with hesitation, and then "only as a last resort." We have, in consequence insisted that the overbreadth involved be "substantial" before the statute involved will be invalidated on its face. (Citations omitted.)
New York v. Ferber, 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982). Furthermore, to determine whether a statute is substantially overbroad, a court should examine the full scope of the law's potential applications  including any ambiguities in the statute. To this extent, the vagueness of a law affects overbreadth analysis. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982), n. 6. Accordingly, we choose to examine Falzone's vagueness and overbreadth claims together.
Specifically, Falzone asserts that section 106.03 is unconstitutional because the requirement that political committees file a statement of organization is impermissibly vague and overbroad in light of the definition of political committee found in section 106.011, Florida Statutes (1983). The definition of political committee applicable to section 106.03 is set forth in section 106.011:
(1) "Political committee" means a combination of two or more individuals, or a person other than an individual, the primary or incidental purpose of which is to support or oppose any candidate, issue, or political party, which accepts contributions or makes expenditures during a calendar year in an aggregate amount in excess of $500; "political committee" also means the sponsor of a proposed constitutional amendment by initiative who intends to seek the signatures of registered electors... .
Falzone argues that the statutory definition of political committee is vague and overbroad because certain hypothetical fact scenarios could potentially fall within the scope of section 106.03. For example, a husband and wife combination who contribute more than $500 to a candidate could fall under the definition of political committee. Similarly, if the primary purpose of two persons acting in concert is not political, but one of them has an incidental purpose, would the persons constitute a political committee?
We find that the scope of "political committee" applied in section 106.03 is narrowly drawn so as to avoid substantial overbreadth problems. Section 106.011(1) speaks in terms of groups organized to support or oppose any candidate, issue, political party or constitutional amendment *1340 by initiative. In addition, "issue" is narrowly defined in section 106.011(7) to include only propositions required by state and local law and issue referenda. Clearly, a "political committee" as defined in section 106.011(1), and required to file a statement of organization pursuant to section 106.03, is limited to those groups who support or oppose a ballot item or political party.
In Richman v. Shevin, 354 So.2d 1200 (Fla. 1977), cert. denied, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978), this Court upheld, against overbreadth attack, the application of the section 106.011 definition of political committee to a trust fund established by a county bar association for the purpose of receiving and distributing contributions from members of the bar to judicial candidates. Emphasizing the term "incidental purpose" in section 106.011(2), Florida Statutes (1975) (subsequently renumbered § 106.011(1)), the Court agreed that by making distributions to candidates, the trust fund effectually supports candidates for judicial office. Id. at 1204. Hence, the inclusion of the trust fund within the definition of "political committee" did not render section 106.011(2) unconstitutionally overbroad. Similarly, the inclusion of groups whose "incidental purpose" in organizing and expending money is to support a ballot item or political party, does not render 106.011(1) vague or overbroad on its face.
Falzone next argues that section 106.03 is unconstitutionally vague because of inconsistencies between section 106.03, which requires a political committee to file a statement of organization whenever it "anticipates" receiving contributions and making expenditures, and the definition of political committee set forth in section 106.011(1), whereby a committee comes into existence only after it has made contributions or expenditures. We adopt the district court's construction that section 106.03 applies to those who anticipate obtaining contributions or making expenditures in excess of $500 in a calendar year and who are otherwise defined in section 106.011(1), even though such contributions have not yet been made. 479 So.2d at 789. Given this construction, the alleged inconsistencies in definition do not render section 106.03 unconstitutionally vague.
Having concluded that section 106.03 is neither substantially overbroad nor vague, we note that the inclusion of certain groups within the definition of political committee for purposes of section 106.03 could be unconstitutional as applied to a specific set of facts. See In re Apportionment Law, Senate Joint Res. No. 1305, 263 So.2d 797, 808 (Fla. 1972). Given the complete absence of facts in the record of this case, however, we are limited to a facial review of section 106.03 and are consequently unable to determine whether Falzone and his codefendants could be constitutionally regulated as a "political committee" for the purposes of section 106.03.
Falzone's assertion that the criminal penalties for violating chapter 106.19, Florida Statutes (1983), do not apply to the failure to file a statement of organization under section 106.03 is without merit.
Specifically, section 106.19(1)(c) creates a misdemeanor offense where:
(1) Any candidate; campaign manager, campaign treasurer, or deputy treasurer of any candidate; committee chairman, vice-chairman, campaign treasurer, deputy treasurer, or other officer of any political committee; agent or person acting on behalf of any candidate or political committee; or other person who knowingly and willfully:
.....
(c) Falsely reports or deliberately fails to include any information required by this chapter.
Falzone argues that the failure of a political committee to file a statement of organization as required by section 106.03 is not punishable under the provisions of 106.19 because the failure to file a statement of organization cannot be equated with the failure to "include any information" for purposes of 106.19. We disagree and adopt the district court's construction that *1341 section 106.19(1)(c) creates a misdemeanor for deliberately failing to provide the information called for in the statement of organization required by section 106.03. 479 So.2d at 790.
Finally, Falzone argued before the district court that the indictment failed to allege that he and his codefendants acted as a political committee. We agree with the district court that the allegation that Falzone and his codefendants "did knowingly and willfully fail to file a statement of organization" stated the statutory requirement of deliberately failing to include the required information. Id. The indictment, therefore, is adequate.
Accordingly, we approve the decision of the district court and uphold the constitutionality of section 106.03 and the application of the penalty provisions of section 106.19 to violations of section 106.03.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, J., dissents.