542 So.2d 459 (1989)
PAC FOR EQUALITY, Appellant,
v.
DEPARTMENT OF STATE, FLORIDA ELECTIONS COMMISSION, Appellee.
No. 88-01630.
District Court of Appeal of Florida, Second District.
May 3, 1989.
Margot Pequignot of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., and John J. Rimes, III, Asst. Atty. Gen., Tallahassee, and Eric D. Prutsman, Florida Elections Com'n, Tallahassee, for appellee.
FRANK, Judge.
The PAC for Equality (PACE) has sought our review of a fine in the amount of $1,450 imposed upon it by the Division of Elections and affirmed by the Florida Elections Commission pursuant to section 106.07(9)(b), Florida Statutes (1987). Based upon our view of the pertinent statutes, we reverse and vacate the Commission's final order.
On January 21 the Division of Elections notified PACE that a campaign treasurer's report due on January 10 had not been received. PACE responded on February 5 stating that during the reporting period it had neither received contributions nor made expenditures in excess of $500 and that it had disbanded. The February 5 communication was received by the Division on February 8 and on February 9 it informed PACE of the fine calculated at the rate of $50 per day from January 10 to February 8. PACE protested the fine as is permitted by section 106.07(9)(c), and the Commission rejected PACE's claim of unusual circumstances, found the "report" delinquent, and affirmed the fine. The instant appeal was initiated in accordance with section 120.59, Florida Statutes (1987).
The Commission's final order does not contain a statutory reference authorizing the fine, but there is no dispute that the Division and the Commission relied upon section 106.07(9)(b) for its imposition. The foregoing section provides that:
Upon determining that a report is late, the filing officer shall immediately notify the candidate or chairman of the political committee as to the failure to file a report *460 by the designated due date and that a fine is being assessed for each late day... . Such fine shall be paid to the filing officer within 15 days of receipt of the notice of the payment due, unless appeal is made to the Florida Elections Commission... .
A preceding portion of the statute, however, exempted PACE from the duty to file a report: when a political action committee "has not received funds, made any contributions, or expended any reportable funds, the filing of the required report for that period is waived." § 106.07(7), Fla. Stat. (1987). That aspect of the statute did require PACE to notify the Division "in writing on the prescribed reporting date that no report" would be filed. Thus, it is apparent that PACE was delinquent in fulfilling its notification obligation. Nonetheless, we are unwilling to equate the notice requirement alluded to in section 106.07(7) with the reporting obligation found in that same section.
The condition triggering the penalty machinery is the obligation timely to file a report. In the event, however, that no funds have been received or expended, section 106.07(7) specifically provides that "the filing of the required report for that period is waived." Thus, if a report is not due, it cannot be deemed late.
The Commission appears to have adopted the position that the necessity for filing a report cannot be waived absent notification on the prescribed reporting date that no report will be filed. The Commission's notion is not supported by the statute. Although the statute employs mandatory language  "shall notify the filing officer in writing on the prescribed reporting date"  it cannot be extended to mean that in the absence of notification there can be no waiver of the report. Rather, the condition precedent to a waiver of the report is the non-receipt of funds, the non-disbursement of contributions, or the non-expenditure of reportable funds.
The state's concern with keeping track of individuals and committees engaged in raising and expending political money, see Falzone v. State, 500 So.2d 1337 (Fla. 1987), simply does not rise to a compelling state interest when persons or entities are only potential managers of funds and are not engaged in political activity. Although the state may have a need to learn of a political action committee's inactivity, the legislature has not fashioned a sanction appropriate for untimely notification to the Division of a lack of activity. Until it does so, onerous daily fines cannot constitutionally be imposed. Fla. Const., art. I, § 18.
We recognize the frequently expressed principle that our courts normally defer to an agency's interpretation of the statute it is charged with administering, even if it is not the exclusive or most desirable interpretation, State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981), but judicial adherence to the agency's view is not demanded when it is contrary to the statute's plain meaning. Here, the Division and the Commission have expanded the statute to include a penalty provision that does not exist.
The Commission's final order is reversed and vacated.
LEHAN, A.C.J., and PARKER, J., concur.