IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2374

WEST FLAGLER
ASSOCIATES, LTD.,

    Appellant,

v.

FLORIDA DEPARTMENT OF
BUSINESS AND
PROFESSIONAL
REGULATION, DIVISION OF
PARI-MUTUEL WAGERING,

    Appellee.

_____/

Opinion filed April 4, 2017.

An appeal from the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering. Anthony J. Glover, Director.

Thomas J. Morton, John M. Lockwood, and Kala Kelly Shankle of The Lockwood Law Firm, Tallahassee, for Appellant.

Jason L. Maine, General Counsel, Dwight O. Slater, Chief Appellate Counsel, and Chevonne T. Christian, Assistant General Counsel, Department of Business & Professional Regulation, Tallahassee, for Appellee.

JAY, J.

Once again, "[s]ummer jai alai permits are the focus of this appeal." W.

Flagler Assocs., Ltd. v. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel

*Wagering*, 139 So. 3d 419, 420 (Fla. 1st DCA 2014).  Specifically, we address whether the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering ("Division"), erroneously interpreted the provisions of section 550.0745(1), Florida Statutes (2015), in denying the application of West Flagler Associates, Ltd. ("West Flagler"), for a permit to conduct summer jai alai.  Finding that the basis for the Division's denial of the permit was premised on "an insupportable reading of the statute," we reverse.  W. Flagler, 139 So. 3d at 420.

On September 3, 2015, West Flagler filed with the Division an "Application for New Summer Jai Alai Permit" for the 2011-2012 and 2012-2013 fiscal years pursuant to paragraph (1) of section 550.0745.  Paragraph (1) states in pertinent part:

> The owner or operator of a pari-mutuel permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under this section has had the smallest play or total pool within the county may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton in such county during the summer season commencing on May 1 and ending on November 30 of each year . . . .  If a permittee who is eligible under this section to convert a permit declines to convert, a new permit is hereby made available in that permittee's county to conduct summer jai alai games as provided by this section . . . .

The West Flagler application was filed after the permittee—who was found eligible to convert its existing permit—declined to make the statutory conversion.  See S. Fla. Racing Ass'n v. State, Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 201 So. 3d 57 (Fla. 3d DCA 2015).

2

On September 25, 2015, the Division issued a Letter of Intent in which it denied West Flagler's application, claiming:

Section 550.0745, Florida Statutes, states in pertinent part "[t]he owner or operator of a pari-mutuel permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits and whose mutual play from the operation of such pari-mutuel pools *for the 2 consecutive years next prior to filing an application* under this section has had the smallest play or total pool within the county may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton." ([E]mphasis supplied). Section 550.0745, Florida Statutes, creates an exception to the general requirements to obtaining a pari-mutuel permit found in section 550.054, Florida Statutes. Specifically, the statute exempts the applicant from mileage restrictions and referendum requirements imposed by the general permit statute. Thus, section 550.0745, Florida Statutes, must be strictly construed in determining whether a permit is eligible for conversion to a summer jai alai permit, or whether such permit is available if the eligible permitholder declines to convert.

The application is based on the 2011/2012 and 2012/2013 fiscal years, which are not the 2 consecutive years next prior to the filing of this application. Therefore, your application is incapable of being approved and the division is not making any further determination on the merits of the availability of a permit.

West Flagler petitioned for an informal administrative hearing pursuant to section 120.57(2), Florida Statutes. In its petition, it argued that the Division erred in denying the application because the Division erroneously applied the "next prior" language found in the first sentence of section 550.0745(1) to its application for a new summer jai alai permit filed according to the second sentence of that paragraph.

3

The "next prior" language, according to West Flagler, is limited to summer jai alai *conversion* applications.

In her Recommended Order, the hearing officer rejected West Flagler's proposed interpretation and concluded that West Flagler's application should be denied because the Division had correctly determined that the application was based on the 2011-2012 and 2012-2013 fiscal years, which, as she explained, were "not the two consecutive years next prior"—or the two years "'immediately prior'"—to 2015. See W. Flagler, 139 So. 3d at 422 (acknowledging that the phrase "'next prior'—though clumsy and seemingly contradictory—has been consistently used to mean the 'immediately prior' instances," citing Bryan A. Garner, A Dictionary of Modern Legal Usage, 588 (2d ed. 1995)). The Division concurred, concluding that the Recommended Order was "not premised on an erroneous or unreasonable interpretation of section 550.0745(1), Florida Statutes," and that "West Flagler's proposed substituted recommendation is not more reasonable than that of the Hearing Officer's." The present appeal followed.

Our analysis begins by recognizing that the "construction of a statute by an agency responsible for its administration is entitled to great weight and should not be overturned unless clearly erroneous." Shell Harbor Grp., Inc. v. Dep't of Bus. Regulation, Div. of Alcoholic Beverages & Tobacco, 487 So. 2d 1141, 1142 (Fla. 1st DCA 1986). However, "judicial adherence to the agency's view is not demanded

4

when it is contrary to the statute's plain meaning." PAC for Equality v. Dep't of State, Fla. Elections Comm'n, 542 So. 2d 459, 460 (Fla. 2d DCA 1989). Here, we find that the plain meaning of section 550.0745(1) creates two separate ways for permittees to obtain a summer jai alai permit and hold that the Division's conflation of these two distinct permit opportunities improperly imposed unrelated timing requirements on the "new permit" language.

Under the first sentence of section 550.0745(1), a qualified pari-mutuel permittee "may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton" when its "mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under this section has had the smallest play or total pool within the county." When those eligibility determinations have been established, *that* permittee may apply to the division for a "permit to conduct a summer jai alai fronton in such county during the summer season commencing on May 1 and ending on November 30 of each year . . . ."

The second opportunity occurs when the permittee—referenced in the first sentence—declines to convert its permit. In that event, the second sentence of section 550.0745(1) applies: "If a permittee who is eligible under this section to convert a permit declines to convert, a *new* permit is hereby made available in that permittee's county to conduct summer jai alai games as provided by *this section* . . .

5

." § 550.0745(1), Fla. Stat. (emphasis added). At that point, paragraph (1) neatly dovetails into the remaining paragraphs of *section* 550.0745, which define the finer points governing the operation of a summer jai alai permit. See § 550.0745(2), (3), & (4), Fla. Stat.

Accordingly, we need not resort to cannons of statutory construction for, "try as we might, we cannot read the language of the statute as the Division has implemented it in this case." W. Flagler, 139 So. 3d at 422. Under the unequivocal terms of the statute in question, the period defined as "2 consecutive years next prior" to the filing of an application operates only as to the first sentence of section 550.0745(1). Under the circumstances of the second sentence, a "new" permit is created; conversion of an existing permit under the first sentence is simply not envisioned. The two separate instances are mutually exclusive, and the time limitation placed by the legislature in the first sentence is conspicuously absent in the second.

Because the Division's interpretation of section 550.0745(1) "is not supportable," we reverse the Final Order "with directions to reinstate West Flagler's application for the new summer jai alai permit at issue." Id.

REVERSED and REMANDED.

OSTERHAUS and WINSOR, JJ., CONCUR.