SAN ANTONIO TELEPHONE
COMPANY, INC., et al.,
Plaintiffs-Appellees,

v.

AMERICAN TELEPHONE &
TELEGRAPH COMPANY et
al., Defendants,

James H. Ashley, et al., Appellants.

No. 74–4163.

United States Court of Appeals,
Fifth Circuit.

April 2, 1976.

Rehearing Denied June 8, 1976.

Pat Maloney, Jack Pasqual, San Antonio, Tex., for appellants.

Joel W. Westbrook, San Antonio, Tex., J. Robert Sheehy, Philip E. McCleery, Waco, Tex., for San Antonio Tel.

A. W. Worthy, San Antonio, Tex., for Gulf Tel.

Edward M. Johnson, Asst. U. S. Atty., Dept. of Justice, San Antonio, Tex., for the U. S.

Before TUTTLE, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

■ This appeal deals only with a judgment of civil contempt against a recalcitrant witness in discovery proceedings and his counsel who advised him not to comply with the trial court's order to appear and produce records. The order appealed from recited the fact that the witness and counsel had failed and refused to appear and testify and produce documents in accordance with the command of a subpoena duces tecum. It is undisputed that this finding is correct. The contemnors excuse their conduct only by showing that they expected to obtain a stay of the order either from the trial court or from this Court pending appeal. This will not do. In *Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975), the Supreme Court said:

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal.

*Id.* at 458, 95 S.Ct. at 591, 42 L.Ed.2d at 583.

■ Here the court imposed a penalty of $500 per day for each day that the contemnors should continue in contempt, then determined that they were in compliance and suspended the imposition of the fine "so long as the aforesaid tender of testimony and documents continues;" the court then ordered that "so long as the aforesaid tender of testimony and documents continues, the Respondents

. . . are deemed purged of the contempt heretofore found and adjudged." The court then determined upon receipt of testimony that counsel for plaintiffs "have incurred in connection with these contempt proceedings cost, expenses, and fees in the reasonable amount of not less than Two Thousand and no/100 ($2,000.00) Dollars." Thereupon the court ordered that the witness and his counsel pay to counsel for plaintiffs the sum of $2000.00 "as sanctions, and not penalty, and as compensation for their cost, expenses, and fees in this behalf expended."

This is a classical case of civil contempt in which the trial court places a recalcitrant party under penalty until he complies with a court order and then orders payment by the contemnor of the out of pocket expenses of the other party occasioned by the failure to comply with the court's order and the proceeding to bring about an end to the failure or refusal. *Dow Chemical Co. v. Chemical Cleaning Inc.,* 434 F.2d 1212 (5th Cir. 1970), *cert. denied,* 402 U.S. 945, 91 S.Ct. 1621, 29 L.Ed.2d 113 (1971).

The judgment is affirmed.