**CLEAN–UP '84, Plaintiff,**

v.

**Walter C. HEINRICH, etc., et al., Defendants.**

**No. 84–245 Civ–T–15.**

United States District Court, M.D. Florida, Tampa Division.

March 5, 1984.

Stephen F. Hanlon, George Sheldon, Tampa, Fla., for plaintiff.

Sara Fotopolous, Tampa, Fla., for defendant Krivanek.

David Farash, Tampa, Fla., for defendant Heinrich.

James Sloan, Tallahassee, Fla., for defendant Firestone.

## ORDER

CASTAGNA, District Judge.

The Court has for consideration plaintiff's motion for preliminary injunctive relief, filed February 15, 1984. The complaint in this suit names Walter Heinrich, Sheriff of Hillsborough County as representative of a class of defendants including all Sheriffs in the State of Florida.[1] The Court granted a motion for leave to intervene filed by the Florida Secretary of State, George Firestone. All parties were represented by counsel at the hearing on this motion, held February 29, 1984. Both plaintiff and defendant Firestone have submitted affidavits and memoranda on this issue, and the Court heard argument from all parties.

In this suit, plaintiff challenges the constitutionality of *Fla.Stat.* § 104.36. Among other things, this statute makes it a misdemeanor for any person to solicit or attempt to solicit a signature on any petition within 100 yards of any polling place on the day of any election. Plaintiff proposes to solicit signatures on initiative petitions from persons at polling places on March 13, 1984, the date of Florida's presidential preference primary election. Because the enforcement of this statute would allegedly violate the First Amendment rights of its members, plaintiff seeks an injunction preventing Florida Sheriffs from enforcing the statute on March 13, 1984.

After considering the affidavits, the papers submitted by the parties, and the arguments presented at the hearing, the Court makes the following findings:

**1.** The complaint also names Robin Krivanek as a defendant, as representative of all Supervisors of Elections in the State. The preliminary injunctive relief would not be directed to this group of defendants.

1. There is a substantial likelihood that plaintiff will prevail on the merits of its challenge to *Fla.Stat.* § 104.36. Besides prohibiting laws abridging freedom of speech, the First Amendment proscribes legislative attempts at restricting the right to petition the Government for a redress of grievances. While plaintiff's members have the right to speak freely and petition the Government for redressing grievances, the State also has the right to enact reasonable regulations to ensure orderly elections. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), States have the power to regulate the time, place and manner in which elections are held, but this power is subject to constitutional limitations. *Rock v. Bryant*, 459 F.Supp. 64 (D.C.Ark.1978) *aff'd* 590 F.2d 340 (8th Cir. 1978).

Although the state has the right to reasonably regulate the election process, § 104.36 may well be facially invalid because it is overbroad. *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). As pointed out in plaintiff's affidavits, this statute applies to procuring petition signatures within 100 yards of any polling place, an area which may often include residences, businesses, union halls, etc. Furthermore, the statute may infringe on constitutional protections by not limiting its regulation of protected speech by the least restrictive means. *Carey v. Brown*, 447 U.S. 455, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980). As pointed out by plaintiff, there may well be other, more precise and limited methods by which the election process can be protected from disruption. Florida law already prohibits breaches of the peace and disorderly conduct. *Fla.Stat.* § 877.03. All Sheriffs and officers are required to perform their duties relating to elections. *Fla.Stat.* § 104.11. Other portions of the code reveal that the election process can be protected without the blanket infringement of First Amendment rights alleged in the chal-

lenged statute. *See e.g. Fla.Stat.* § 104.-051, 104.061, 104.091, 104.185, 104.19, 104.-23 and 104.41. Therefore, because it appears that this statute may be overbroad and is not drawn in the least restrictive manner, the Court finds that there is a substantial likelihood that plaintiff will succeed on the merits of its challenge to *Fla. Stat.* § 104.36.

■ 2. The Court also finds that plaintiff's members will suffer irreparable injury if the requested relief is not granted. Even temporary deprivations of First Amendment rights cause irreparable harm. *Citizens For A Better Environment v. Park Ridge*, 567 F.2d 689, 692 (7th Cir. 1975). Here, plaintiff's members seek to use the March 13, 1984 primary election as a method of obtaining signatures from registered voters on petitions. Plaintiff is attempting to obtain these signatures in an effort to get a proposed amendment to the Florida Constitution on the ballot in November, 1984. Restricting access to voters on March 13, 1984 will work an irreparable harm to plaintiff's members in that legitimate pursuit.

3. The Court finds that granting the preliminary injunction would not substantially harm defendants in any sense. There are already available means by which the integrity of the election process can be protected.

4. Finally, the Court finds that granting the relief requested would serve the public interest. All citizens have an interest in a robust debate on public issues. Plaintiff's members seek to add to this debate by asking their fellow citizens to join them in proposing an addition to the State's Constitution. Clearly, the public interest will be fostered by granting the relief requested, especially when balanced against the irreparable and substantial injury which plaintiff's members would otherwise suffer.

■ 5. Plaintiff's motion to certify defendants' class of all sheriffs in the State of Florida is granted for the narrow purpose of effectuating this preliminary injunction. Defendant Heinrich has asserted

that the class should not be certified, as he has neither the inclination nor the resources to represent all sheriffs. The Court concludes that the sheriffs are but nominal parties in this case. They have no standing to argue either for or against the validity or propriety of a state statute which by law they are sworn to enforce until or unless enjoined from so doing by lawful authority. Furthermore, under Fed. R.Civ.P. 65(d) injunctions shall be binding on parties, their agents, employees, servants, attorneys and those persons in active concert or participation with them who receive notice. Here, all Florida sheriffs are actively in concert and participation on a daily basis with defendant Heinrich in enforcing the state's laws. Certifying this class in order to carry out this injunction is therefore proper.

6. In the Court's discretion there is no need for Plaintiff to post security in this case. Fed.R.Civ.P. 65. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300 (5th Cir.1978).

Therefore, it is

ORDERED:

■ 1. Plaintiff's motion for preliminary injunction is granted. The Defendant, Walter C. Heinrich, Sheriff of Hillsborough County, Florida and his officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including all Sheriffs in the State of Florida, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby prohibited and restrained until further Order of this Court from:

a) enforcing or threatening to enforce *Fla.Stat.* § 104.36 against the peaceful, orderly and non disruptive solicitation of signatures for Plaintiff's initiative petitions during the March 13, 1984 presidential preference primary near any polling place; or

b) otherwise preventing plaintiff or any of its members from lawfully exercising their constitutional right to solicit signatures in a peaceful, orderly and non disruptive manner on plaintiff's initiative petitions near any polling place within the State of Florida in the presidential preference primary on March 13, 1984.

This is not to suggest, of course, that those whose duty it is to police the polling places should in any way be deterred from the performance of their duty to protect voters or prospective voters from interference with the free exercise of their right to vote.

2. The Clerk is directed to forthwith send a copy of this Order by registered mail to every sheriff in the State of Florida.