**CLEAN–UP '84, a Registered Political Committee, Plaintiff-Appellee,**

v.

**Walter C. HEINRICH, et al., Defendants,**

and

**George Firestone, Secretary of the State of Florida, Defendant-Appellant.**

No. 84–3581.

United States Court of Appeals, Eleventh Circuit.

May 8, 1985.

James W. Sloan, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellant.

Stephen F. Hanlon, Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this case we review the district court's ruling that Fla.Stat. § 104.36, which prohibits the solicitation of signatures on petitions within 100 yards of a polling place on election day, is unconstitutional. We affirm.

**FACTS**

Clean-Up '84 is a registered political action committee seeking to use the initiative procedure provided by Fla. Const. art. XI, § 3.[1] During the March, 1984, presidential

---

1. Fla. Const. art. XI, § 3 provides:
   § 3. Initiative
   The power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that, any such revision or amendment shall embrace but one subject and matter directly connected therewith. It may be invoked by filing with the secretary of state a petition containing a copy of the pro-

preference primary, Clean-Up '84 sought to use the initiative amendment process to obtain signatures for a proposed environmental rights amendment to the Florida Constitution. On March 5, 1984, Clean-Up '84 sought and obtained a preliminary injunction against the enforcement of Fla. Stat.Ann. § 104.36 (West Supp.1985) (as amended Laws 1984, ch. 84–302, § 25 effective July 1, 1984).[2] *Clean-Up '84 v. Heinrich*, 582 F.Supp. 125 (M.D.Fla.1984). Clean-Up '84 also obtained a preliminary injunction against enforcement of Fla.Stat. Ann. § 99.097(4) (West Supp.1985).[3]

The preliminary injunction prohibited the enforcement of the 100-yard provision on the primary preference date, March 13, 1984. The district court found that the state failed to show that the statute was a necessary or even reasonable way of ensuring order at the polls. Additionally, it found the statute overbroad and not drawn in the least restrictive manner. On March 27, 1984, the district court modified its March 5 preliminary injunction extending its prohibitions to "all municipal elections held throughout the state of Florida." On July 19, 1984, the court permanently enjoined enforcement of Fla.Stat.Ann. § 104.-36 declaring it to be a restriction of speech and association lacking sufficient justification, overbroad, and not the least restrictive means to achieve the purpose of ensuring an orderly election process.[4]

The state contends that the statute is constitutional. The state argues that it may impose restrictions on first amendment rights if the time, place, and manner

2. Fla.Stat.Ann. § 104.36 provides:

   104.36. Solicitation near polling places

   Any person who, within 100 yards of any polling place on the day of any election, distributes or attempts to distribute any political or campaign material; solicits or attempts to solicit any vote, opinion, or contribution for any purpose; solicits or attempts to solicit a signature on any petition; or, except in an established place of business, sells or attempts to sell any item is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In determining the area in which solicitation is prohibited, the 100-yard distance from the polling place shall be measured from the entrance to the room or other area in which the voting equipment or pollworkers are housed.

3. Fla.Stat.Ann. § 99.097(4) provides:

   99.097. Verification of signatures on petitions

   (4) The supervisor shall be paid the sum of 10 cents for each signature checked or the actual cost of checking such signature, whichever is less, by the candidate, minor party, or person authorized by such minor party submitting the petition or, in the case of a petition to have an issue placed on the ballot, by the person or organization submitting the petition. However, if a candidate cannot pay such charges without imposing an undue burden on his personal resources or upon the

posed revision or amendment, signed by a number of electors in each of one half of the congressional districts of the state, and of the state as a whole, equal to eight percent of the votes cast in each of such districts respectively and in the state as a whole in the last preceding election in which presidential electors were chosen.

resources otherwise available to him, he shall, upon written certification of such inability given under oath to the supervisor, be entitled to have the signatures verified at no charge. If such candidate has filed the oath prescribed by s. 99.095(1), he shall not be required to file a second oath in order to have the signatures verified at no charge. However, an oath in lieu of payment of the charges shall not be allowed to verify the signatures on a petition to have a minor party's slate of candidates placed on the ballot or to have an issue placed on the ballot. In the event a candidate is entitled to have the signatures verified at no charge, the supervisor of elections of each county in which the signatures are verified at no charge shall submit the total number of such signatures checked in the county to the Comptroller no later than December 1 of the general election year, and the Comptroller shall cause such supervisor of elections to be reimbursed from the General Revenue Fund in an amount equal to 10 cents for each name checked or the actual cost of checking such signatures, whichever is less. In no event shall such reimbursement of costs be deemed or applied as extra compensation for the supervisor. Petitions shall be retained by the supervisors for a period of 1 year following the election for which the petitions were circulated.

The injunctions as to this section have not been appealed.

4. The defendants in the district court were Walter C. Heinrich, Sheriff of Hillsborough County, a nominal party representing all of the sheriffs in the state of Florida, and Robin Kirvanek, also a nominal party, representing all of the supervisors of election in the state of Florida.

of the restrictions are reasonable, if the restrictions serve a significant state interest, and if the restrictions are narrowly drawn to serve that interest.

Our sole issue is whether the district court erred in holding unconstitutional the provision of the Florida Election Code prohibiting solicitation of signatures on petitions within 100 yards of a polling place.

■ A challenge to a statute on first amendment grounds requires that we first consider whether the speech or conduct is protected by the United States Constitution. If the answer is affirmative, we then consider whether the statute is unconstitutional "on its face." *City Council v. Taxpayers for Vincent,* —— U.S. ——, ——, 104 S.Ct. 2118, 2124, 80 L.Ed.2d 772, 781 (1984). Where the statute has been applied, an additional question is whether the statute is unconstitutional as applied. *City Council,* —— U.S. at ——, ——, 104 S.Ct. at 2124, 2128, 80 L.Ed.2d at 781, 786. Either finding of unconstitutionality invalidates the statute's operation on first amendment freedoms.

The parties agree that the activity encompassed by the statute, the soliciting of signatures for petitions within 100 yards of a polling place on election day, is first amendment activity. Further, we agree with the district court that "asking a voter to sign a petition" is protected "speech" and "gathering at the polls to solicit signatures" is protected association. Both activities involve the communication of ideas to voters. *See Brown v. Hartlage,* 456 U.S. 45, 53–54, 102 S.Ct. 1523, 1528–1529, 71 L.Ed.2d 732 (1982).

> The First Amendment protects political association as well as political expression. The constitutional right of association explicated in *NAACP v. Alabama,* 357 U.S. 449, 460, 78 S.Ct. 1163 [1170], 2 L.Ed.2d 1488 (1958), stemmed from the Court's recognition that '[e]ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association.'

*Buckley v. Valeo,* 424 U.S. 1, 15, 96 S.Ct. 612, 632–633, 46 L.Ed.2d 659 (1976).

■ Facial invalidity exists where either a statute is "unconstitutional in every conceivable application," or it "seeks to prohibit such a broad range of protected conduct" that it is "overbroad." *City Council,* —— U.S. at ——, 104 S.Ct. at 2124, 80 L.Ed.2d at 781. A claim of substantial overbreadth seeks to invalidate statutes that *may* infringe protected expressions of third parties. *Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

> It matters not that the words appellee used might have been constitutionally prohibited under a narrowly and precisely drawn statute. At least when statutes regulate or proscribe speech and when 'no readily apparent construction suggests itself as a vehicle for rehabilitating the statutes in a single prosecution,' *Dombrowski v. Pfister,* 380 U.S. 479, 491, 85 S.Ct. 1116 [1123] 14 L.Ed.2d 22, 31 (1965), the transcendent value of all society of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity,' *id.,* at 486 [85 S.Ct. at 1121].... This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression.

*Gooding v. Wilson,* 405 U.S. 518, 520–21, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972) (citations omitted). For a court to find that a statute is overbroad, it must find the existence of a "realistic danger that the statute itself will significantly compromise recognized first amendment protections of parties not before the court." *City Council,* —— U.S. at ——, 104 S.Ct. at 2126, 80 L.Ed.2d at 784.

■ Among other reasons, the district court found the statute overbroad because the 100-yard radius at some polling sites included private homes and businesses

"where the gathering of signatures could impose no threat to the voting process." The state's answer to this ruling is that although it is conceivable a sheriff or supervisor of elections might seek to enter a private home or business within 100 yards of a polling place and attempt to prevent a person from soliciting signatures, no evidence was presented that any sheriff or supervisor has ever done so, and it is unlikely an elected official would use the power of his or her office in such an abusive manner.

The state misconceives the overbreadth inquiry. The danger in an overbroad statute is not that actual enforcement will occur or is likely to occur, but that third parties, not before the court, may feel inhibited in utilizing their protected first amendment communications because of the existence of the overly broad statute. *City Council*, 80 L.Ed.2d at 784. It is no answer, therefore, to this facial challenge that the statute has not been enforced against persons in private homes or businesses within the 100-yard radius.[5]

We hold, therefore, that Fla.Stat.Ann. § 104.36 is unconstitutionally overbroad on its face. We express no opinion on whether a more narrowly drawn statute would pass constitutional muster. We recognize that the state has a significant interest in protecting the orderly functioning of the election process. It must ensure its voters that they may exercise their franchise without distraction, interruption, or harassment. The significant interest which the state seeks to protect must be gained through a statute more narrowly drawn as to time, place, and manner. Further, because of its facial invalidity, and because the statute has not been applied to Clean-Up '84, we find it unnecessary to determine whether the statute is also unconstitutional as applied.

**AFFIRMED.**

**5.** Florida has a number of other laws which prohibit interference with the election process and prohibit disorderly conduct. Fla.Stat.

§§ 877.03, 104.11, 104.051, 104.061, 104.091, 104.185, 104.23, and 104.41.