Mr. Frederick J. Walsh Chief of Police Orlando Police Department Post Office Box 913 Orlando, Florida 32801-0913
Dear Chief Walsh:
This is in response to your request for an opinion on substantially the following questions:
 1. IF A CHURCH SERVES AS A POLLING PLACE, MAY THE CHURCH LIMIT ACCESS TO ITS PROPERTY TO VOTERS AND GIVE ENFORCEABLE TRESPASS WARNINGS TO INDIVIDUALS COLLECTING SIGNATURES FOR AN UNPOPULAR CAUSE?
 2. IF TRESPASS LAWS ARE INAPPLICABLE TOWARDS PERSONS COLLECTING SIGNATURES, MAY SUCH PERSONS BE RESTRICTED FROM SETTING UP TABLES OR DISPLAYS?
 3. MAY NONVOTERS BE PROHIBITED FROM COLLECTING SIGNATURES WITHIN 50 FEET OF THE POLLS?
You state that during a recent special election, persons collecting signatures on a lottery issue were present at several polling places. Some of these individuals set up tables and displays adjacent to the polling places. Some of the polling places were located on private property, generally at churches and a number of the churches, apparently opposed to the lottery, requested that the signature collectors be removed from church property as trespassers. The churches were especially concerned that the setting up of tables or displays on church property might give the appearance that the churches were involved with the signature collection. While many of the local churches have indicated an unwillingness to permit their property to be used as a polling place if they cannot control such activities, you question whether such activities may be restricted, especially in light of the federal court's decision in Clean-Up `84 v. Heinrich,582 F. Supp. 125 (M.D.Fla. 1984), aff'd, 759 F.2d 1511 (11th Cir. 1985). As your first and second questions are related, they will be answered together.
QUESTIONS ONE AND TWO
Section 104.36, F.S., provides in pertinent part:
 Any person who, within 100 yards of any polling place on the day of any election, distributes or attempts to distribute any political or campaign material; solicits or attempts to solicit any vote, opinion, or contribution for any purpose; solicits or attempts to solicit a signature on any petition; or, except in an established place of business, sells or attempts to sell any item is guilty of a misdemeanor of the first degree. . . .
In Clean-Up `84 v. Heinrich, 582 F. Supp. 125 (M.D.Fla. 1984), plaintiffs, seeking to solicit signatures on an initiative petition for a proposed state constitutional amendment, requested preliminary injunctive relief against the operation of s. 104.36, F.S. The district court, while recognizing that states may reasonably regulate the election process, nevertheless stated, "s. 104.36 may well be facially invalid because it is overbroad" and "may infringe on constitutional protections by not limiting its regulation of protected speech by the least restrictive means."582 F. Supp. at 126. Citing other sections of Florida Statutes, the court noted that there may be other more precise and limited methods to protect the election process from disruption. See, e.g., s. 877.03, F.S. (breach of peace); s. 104.051, F.S. (willful refusal or neglect of duty by election officials); s. 104.185, F.S. (knowingly signing petition more than one time); s. 104.19, F.S. (using stickers, rubber stamps, or any device to adversely affect normal election process). See also, ss. 102.031, 104.11,104.23, 104.41, F.S. In granting the motion for injunctive relief, the court prohibited the enforcement of s. 104.36, F.S., against the peaceful, orderly and nondisruptive solicitation of signatures for plaintiff's initiative petitions near any polling place; or "otherwise preventing plaintiff or any of its members from lawfully exercising their constitutional right to solicit signatures in a peaceful, orderly and non disruptive manner on plaintiff's initiative petitions near any polling place within the State of Florida. . . ." (e.s.) Id., at 128. The court subsequently permanently enjoined enforcement of the statute, declaring it to be a restriction of speech and association lacking sufficient justification, overbroad, and not the least restrictive means of ensuring an orderly election process. On appeal, the Eleventh Circuit Court of Appeals in Clean-Up `84 v. Heinrich,759 F.2d 1511, 1513 (11th Cir. 1985), affirmed the district court's decision, agreeing with the district court that "`asking a voter to sign a petition' is protected `speech' and `gathering at the polls to solicit signatures' is protected association."
In light of the courts' decisions in Clean-Up `84 v. Heinrich, supra, the collection of signatures from voters at a poll would appear to be a constitutionally protected First Amendment activity which may be exercised "in a peaceful, orderly and non disruptive manner . . . near any polling place within the State of Florida. . . ."582 F. Supp. at 128. Although neither the district nor the appeals court in Clean-Up `84 v. Heinrich, supra, specifically addressed the question of whether signature collectors can be restricted from setting up tables or displays, based upon the rationale of the courts in the foregoing cases, I am of the view that so long as the collection procedure is carried out in a "peaceful, orderly and non disruptive manner," the individuals collecting signatures may set up tables or displays. As emphasized by the circuit court, however, voters must be allowed to "exercise their franchise without distraction, interruption, or harassment."759 F.2d at 1514.
Your inquiry specifically concerns the regulation or restriction of access to polling places located on private property. It is axiomatic that freedom of speech is protected only against abridgement by state action, and not against encroachment by private individuals. See, 16B C.J.S. Constitutional Law s. 540. Moreover, property does not lose its private character merely because the public is generally invited to use it for designated purposes. Lloyd Corporation, Ltd. v. Tanner, 407 U.S. 551, 570
(1972). However, by serving as a polling place, a church is performing a public function. See, Fike v. United Methodist Children's Home of Virginia, Inc., 547 F. Supp. 286, 293
(E.D.Va. 1982), aff'd, 709 F.2d 284 (4th Cir. 1983), in which the district court held that "[i]n order to convert otherwise private action into State action under the public function test, the private entity must be performing a function that is traditionally exclusively a governmental function, such as conducting a State election," (e.s.) citing Terry v. Adams 345 U.S. 361 (1953). See also, Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157 (1978), wherein the Supreme Court stated that "[w]hile many functions have been traditionally performed by governments, very few have been `exclusively reserved to the State.' One such area has been elections." Applying the "public function" doctrine to the instant inquiry, I am of the opinion that to the extent that private property is voluntarily offered by private individuals or organizations and is utilized as a polling place in conducting an election, the First Amendment guarantees of freedom of speech and association are available and may not be infringed upon by the private property owner. If, as expressed in the instant inquiry, a church is concerned that the setting up of tables or displays on church property which is being used as a polling place may give the appearance that the church is involved in the gathering of signatures, the church can expressly disavow any connection with the procedure by posting signs in the area which disclaim any sponsorship of signature collection, or it may set up its own tables or displays in opposition. Cf., Pruneyard Shopping Center v. Robins, 447 U.S. 74 (1980).
QUESTION THREE
Section 101.121, F.S., provides in pertinent part that "no person who is not in line to vote may come within 50 feet of any polling place from the opening to the closing of the polls [except designated individuals]. . . . Such restrictions shall not apply to commercial businesses or privately owned homes and property which are within 50 feet of the polling place." I have been informed that the constitutionality of s. 101.121 is presently the subject of pending litigation. See, News Press Publishing Co., Inc. v. Firestone, Case No. 86-5946 CA (Fla. 20th Cir.Ct., filed October 15, 1986). It is a general rule that statutes are presumptively valid and must be given effect unless and until ruled invalid by a court of competent jurisdiction. See, State ex rel. Shevin v. Metz Construction Co., Inc., 285 So.2d 598 (Fla. 1973); Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964); 49 Fla.Jur.2d Statutes s. 95; AGO 83-97. It appears, then, pending any such judicial determination, that s. 101.121 operates to prohibit nonvoters from collecting signatures within 50 feet of a polling place. See also, s. 102.031, F.S., which provides in subsection (1) that "[e]ach election board shall possess full authority to maintain order at the polls and enforce obedience to its lawful commands during an election and the canvass of the votes." Pursuant to subsection (3) of s. 102.031:
 Any person, political committee, committee of continuous existence, or other group or organization that intends to solicit voters within 100 feet of any polling place on the day of any election shall notify the supervisor of elections at least 3 days prior to the day of the election of such intent.
* * *
 Upon receiving such notice, the supervisor shall take any action necessary to ensure order at the polling places affected by such soliciting.
Prior to the courts' decisions in Clean-Up `84 v. Heinrich, supra, s. 101.121, F.S. 1983, merely prohibited nonvoters, excepting certain designated officials, to come within 15 feet of any polling place. Section 1, Ch. 85-205, Laws of Florida, amended s. 101.121 to its present form. Section 2, Ch. 85-205, inter alia, added subsection (3) to s. 102.031. Chapter 85-205 was apparently enacted in response to Clean-Up `84 v. Heinrich, supra. See, Cleanup `84 v. Heinrich, 459 F.2d at 1514, wherein the Eleventh Circuit stated:
 We express no opinion on whether a more narrowly drawn statute [than s. 104.36, F.S.] would pass constitutional muster. We recognize that the state has a significant interest in protecting the orderly functioning of the election process. It must ensure its voters that they may exercise their franchise without distraction, interruption, or harassment. The significant interest which the state seeks to protect must be gained through a statute more narrowly drawn as to time, place, and manner.
And see, House of Representatives Committee on Ethics and Elections Staff Analysis, dated June 4, 1985, concerning Committee Substitute for House Bills 541 and 866, enacted into law as Ch. 85-205, Laws of Florida.
Thus, s. 101.121, F.S., operates to prevent nonvoters from coming within 50 feet of a polling place from the opening to the closing of the polls. Moreover, pursuant to s. 102.031, F.S., any of the entities listed must give the supervisor of elections appropriate notice at least 3 days prior to the election if such entity intends to solicit voters within 100 feet of any polling place on the day of an election. The supervisor of elections is accorded the authority to "take any action necessary to ensure order at the polling places affected by such soliciting." Section 102.031(3), F.S.
In conclusion, it is my opinion that if a church serves as a polling place, the church may not limit access to its property to voters and give enforceable trespass warnings to individuals collecting signatures, nor may such individuals be restricted from setting up tables or displays. However, nonvoters are prohibited from coming within 50 feet of a polling place from the opening to the closing of the polls. Moreover, individuals intending to solicit voters on the day of any election within 100 feet of any polling place must give appropriate notice to the supervisor of elections at least three days prior to the election day and the supervisor may take any action necessary to ensure order at the polling places affected by such solicitation.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
John Rosner Assistant Attorney General