THREADGILL, Judge.
We have for review an order of the circuit court holding section 101.121, Florida Statutes (1985) constitutional. We find the statute to be unconstitutional on its face because it is overbroad and violates rights guaranteed by the first amendment to the United States Constitution and article I, section 4 of the Florida Constitution. We therefore reverse.
The 1985 Florida Legislature amended section 101.121, Florida Statutes, to prohibit nonvoters from coming within fifty feet of an open polling place and to exempt commercial businesses and privately owned property from this restriction.[1] The statute previously had prohibited general access within fifteen feet. Section 104.41, Fla.Stat. (1985) provides criminal penalties for violation of the statute.
In September 1986, Lee County poll workers enforced the statute against a photographer from the Fort Myers News-Press who was attempting to take pictures of a candidate for state office at his polling place. The newspaper filed suit in circuit court seeking to have the statute declared unconstitutional and to enjoin future enforcement. The court granted a temporary injunction allowing the media to cover the November 1986 general election but, several months later, held that the statute was constitutional and granted the appellee’s motion for summary judgment. Notice of appeal was timely filed.
The appellant, News-Press, and amici curiae argue that the statute is overbroad, void for vagueness and unconstitutional as applied to the media. Because we agree that the statute is overbroad, we need not reach the other issues.
A statute is properly challenged on overbreadth grounds if it seeks to control activities properly subject to regulation by means that sweep too broadly into areas of *225 constitutionally protected freedoms. State v. Gray, 435 So.2d 816 (Fla.1983). Even “[a] clear and precise enactment may ... be ‘overbroad’ if in its reach it prohibits constitutionally protected conduct.” Grayned v. City of Rockford, 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222, 231 (1972); Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed. 2d 531 (1977).
The fifty-foot radius set by the statute around polling places will undoubtedly, in many cases, encompass sidewalks, city streets and public parks which are traditional public forums for free expression and thus “occup[y] a special position in terms of First Amendment protection,” United States v. Grace, 461 U.S. 171, 180, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983). See also Hague v. CIO, 307 U.S. 496, 515, 59 S.Ct. 954, 83 L.Ed. 1423 (opinion of Roberts, J.) (1939). Such public places “are so historically associated with the exercise of first amendment rights that access to them for the purpose of exercising such rights cannot constitutionally be denied broadly and absolutely.” Hudgens v. NLRB, 424 U.S. 507, 515, 96 S.Ct. 1029, 47 L.Ed.2d 196, (quoting Food Employees v. Logan Valley Plaza, 391 U.S. 308, 315, 88 S.Ct. 1601, 20 L.Ed.2d 603, 45 Ohio Op.2d 181 (1968)). Many polling places are in schools, churches and community halls, both public and private, which are likewise commonly used for free expression.
While first amendment rights are subject to reasonable time, place, and manner restrictions, such restrictions “must be supported by a compelling governmental interest and must be narrowly drawn so as to involve no more infringement than is necessary.” First National Bank of Boston v. Bellotti, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978); Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); Winn-Dixie Stores, Inc. v. State, 408 So. 2d 211, 212 (Fla.1982).
The appellees contend that a prohibition on access within fifty feet of polling places is reasonable because of the compelling state interest in protecting the secrecy of the ballot and maintaining order at the polling place. We agree, and the appellant concedes, that protection of the orderly process of voting and the secrecy of the ballot is a compelling governmental interest. Feld v. Prewitt, 118 S.W.2d 700 (Ky. 1938); Clean-Up ’84 v. Heinrich, 759 F.2d 1511, 1514 (11th Cir.1985).
Laws designed to effect these purposes are unquestionably a legitimate exercise of the state’s police power, but may easily be tailored to do so without infringement on constitutionally guaranteed rights. The legislature has evinced a willingness to address other specific problems affecting the voting process in chapter 104, Florida Statutes. See e.g., § 104.061 (providing penalties for corrupt influence of electors); § 104.20 (prohibiting any elector allowing his ballot to be seen or endeavoring to get an elector to show how he voted and other offenses); § 104.22 (providing penalties for stealing and destroying election records); § 104.23 (providing penalties for disclosing how an elector votes); § 104.26 (providing penalties for destroying ballots or booths provided for voting). We note additionally that any substantial interference with the voting process would likely be punishable under § 877.03 dealing with disorderly conduct and providing penalties for anyone committing “such acts as ... affect the peace and quiet of persons who may witness them....”
We find that in addition to safeguarding the acknowledged compelling governmental interests, section 101.121 also prohibits mere presence with the limits which in no way interferes with these acknowledged interests, and thus prohibits all exercise of first amendment rights and everyday activities such as walking on a sidewalk or through a public building within the zone, regardless of any effect on the election process.
The state has not alleged any serious problems in the fifty-foot zone as a result of activities which are otherwise protected by the First Amendment. Unsubstantiated fear or “apprehension of disturbance” is not a compelling state interest and is “not enough to overcome the right to freedom of expression.” Tinker v. Des Moines In *226 dependent School Dist., 393 U.S. 503, 508, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); San Antonio Telephone Company v. American Telephone and Telegraph Company, 529 F.2d 694, 700 (5th Cir.1976). Legislatures may curtail free expression only through the “least restrictive means,” Brown v. Glines, 444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980), and we find that the statute challenged here is not limited to situations threatening the secrecy of the ballot or order at the polls.
A statute may be invalidated on its face only where overbreadth is substantial. Board of Airport Commissioners of Los Angeles v. Jews for Jesus, — U.S. -, -, 107 S.Ct. 2568, 2571-72, 96 L.Ed.2d 500 (1987); citing Houston v. Hill, — U.S. -, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987); New York v. Ferber, 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982); Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973). The plain words of this statute prohibit any person not in line to vote from being within fifty feet of the polling place. This restriction necessarily precludes the presence of many who in no way impede the orderly process of voting or the secrecy of the ballot. The broad language of the statute may as easily be applied to those accompanying aged or infirm voters or children with voting parents, and to reporters, photographers, solicitors, and exit poll takers, as to those who would endanger the electoral process. Indeed, this appeal has been brought by one alleging interference with a traditional first amendment activity, although the record before us is devoid of facts reflecting any interference with the legitimate state interests.
While appellees argue persuasively that common sense on the part of the poll officials would preclude such an interpretation, any analysis of overbreadth must include consideration of whether or not the statute lends itself to arbitrary and selective enforcement “by vesting undue discretion as to its scope in those who prosecute.” McKenney v. State, 388 So.2d 1232, 1234 (Fla.1980). See Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). We find that the all-inclusive language of section 101.121, covering many situations which in no way infringe on the state’s interest, could lend itself to enforcement on a case by case basis. See e.g., Houston v. Hill, — U.S. -, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).
Further, the true danger engendered by an overbroad statute is not its actual enforcement, but is the chilling effect it may have on the exercise of first amendment rights. As stated in Clean-Up ’84 v. Heinrich, 759 F.2d 1511 at 1514 (11th Cir.1985):
The danger in an overbroad statute is not that actual enforcement will occur or is likely to occur, but that third parties, not before the court, may feel inhibited in utilizing their protected first amendment communications because of the existence of the overly broad statute. 759 F.2d at 1514.
See also Broadrick v. Oklahoma, 413 U.S. 601, 612, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973); Falzone v. State, 500 So.2d 1337, 1339 (Fla.1987).
Because a fifty-foot zone around many polling places will necessarily encompass areas that are traditional public forums for free speech, and because the statute prohibits the mere presence of all those not in line to vote, even where the purpose may be the exercise of constitutionally protected rights, we find the statute void for substantial overbreadth. See United States v. Grace, 461 U.S. at 179, 103 S.Ct. at 1708.
We do not hold in this opinion that the state may never restrict access to the polling place or even prohibit the taking of photographs within the polling place, but such restrictions must be predicated upon a compelling governmental interest and narrowly drawn to avoid unnecessary interference with those rights guaranteed by the constitutions of the United States and the state of Florida. See Carey v. Brown, 447 U.S. 455, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980). Winn-Dixie, 408 So.2d 211 (Fla.1981); Falzone v. State, 500 So.2d 1337 (Fla.1987).
Accordingly we reverse the judgment of the circuit court.
Reversed.
CAMPBELL, A.C.J., concurs.
*227 SCHOONOVER, J., dissents with opinion.

. Ch. 85-205, Laws of Florida, reads: Persons allowed in polling places. As many electors may be admitted to vote as there are booths available, and no person who is not in line to vote may come within 50 IS feet of any polling place from the opening to the closing of the polls, except the officially designated watchers, the inspectors, the clerks of election, and the supervisor of elections or his deputy. However, the sheriff, a deputy sheriff, or a city policeman may enter the polling place with permission from the clerk or a majority of the inspectors. Such restrictions shall not apply to commercial businesses or privately owned homes and property which are within 50 feet of the polling place. During the pendency of this appeal, the legislature further amended section 101.121 to replace the phrase "polling place” to "polling room.” Ch. 87-184, Laws of Fla. This latest change does not affect the issues raised herein.