**COMMITTEE FOR SANDY SPRINGS, GEORGIA, INC.**

v.

**Max CLELAND, in his official capacities as Secretary of State of the State of Georgia and Chairman of the State Election Board, et al.**

No. 1:88–cv–2485–WCO.

United States District Court, N.D. Georgia.

Nov. 4, 1988.

James M. Anderson, III, Atlanta, Ga., for plaintiff.

Patricia Barmeyer, Atlanta, Ga., for defendants.

## ORDER

O'KELLEY, Chief Judge.

This case is presently before the court for consideration of the plaintiff's motion for a preliminary injunction. Fed.R.Civ.P. 65(a). The court conducted a hearing on November 4, 1988, at which time it received evidence and heard oral argument on the motion. Having carefully considered the motion, briefs and arguments of counsel, the court grants the plaintiff's motion for preliminary injunction for the reasons set forth below.

### Facts

The plaintiff, the Committee for Sandy Springs, Inc. ("Committee"), is a non-profit corporation organized under the laws of the State of Georgia. The Committee represents individuals who seek the establishment of some form of local government for the unincorporated portion of north Fulton County, Georgia, commonly known as Sandy Springs. To effect this end, the Committee wishes to procure signatures for a "Petition for Local Government" from registered voters entering and exiting polling places in Sandy Springs during the general election on November 8, 1988. The accumulation of such signatures is a requisite to both municipal incorporation and annexation under Georgia law, *see* O.C.G.A. § 36–36–1, *et seq.*, and it is the intent of the Committee to apply either for independent incorporation or for annexation by the City of Roswell.

Pursuant to O.C.G.A. § 21–2–414(b), it is a misdemeanor for any person to "solicit signatures for any petition on any primary or election day within 250 feet of any polling place or of the outer edge of any building within which such polling place is established, whichever distance is greater." The Committee challenges the statute as violative of its First and Fourteenth Amendment guarantees of freedom of speech and association.

### Discussion

The defendant concedes and the court is convinced that soliciting signatures for a petition, particularly one designed to petition the government for municipal annexation or incorporation, is constitutionally protected speech and conduct. What is left for the court to determine is whether the statute restraining the exercise of that conduct and speech is invalid on its face or as applied. *Clean–Up '84 v. Heinrich,* 759 F.2d 1511, 1513 (11th Cir.1985).

A statute may be invalid on its face if it is " 'unconstitutional in every conceivable application,' or it 'seeks to prohibit such a broad range of protected conduct' that it is 'overbroad.' " *Id.* at 1513 (citing *City Council v. Taxpayers for Vincent,* 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984)). Furthermore, a statute is "overbroad" for constitutional purposes when there is a realistic danger that the statute will significantly compromise recognized first amendment protections of parties not before the court. *Id.* Furthermore, a statute may be overbroad if its terms are so sweeping as to create an unnecessary risk of chilling protected speech. *Secretary of State v. Joseph H. Munson Co.,* 467 U.S. 947, 967–68, 104 S.Ct. 2839, 2852–53, 81 L.Ed.2d 786 (1984).

Turning to the instant case, Committee witness Littlejohn submitted the siteplans of five of the buildings to be used as polling places in Sandy Springs during the

general election. Witness Littlejohn further testified that the 250 foot restriction would relegate the committee's proposed soliciting activity to areas well beyond the stream ingress and egress to the buildings. At the Epstein School, for example, the 250 foot boundary falls in the *backyards* of numerous houses that stand between the school and the boundary. Those places at the boundary which are not obscured by houses are so remote and unlikely as to make effective solicitation largely impossible. Furthermore, despite the arguments of counsel for the defendants, the court is of the opinion that door-to-door canvassing and shoppingmall solicitation are poor and impractical alternatives for purposes of collecting large numbers of signatures from registered voters.

The defendants submitted the testimony of Frances Duncan, Director of Elections for the State of Georgia. Witness Duncan testified that the State has an interest in ensuring that the polling places of the state are "safe havens" in which the electors can exercise the franchise without hindrance or coercion. Indeed, the court agrees that this is a legitimate if not a compelling state interest. However, the court also concludes that the statute, with its 250 foot boundary, may be unconstitutionally overbroad to the extent that less restrictive means could have been used to serve the state's interests. A boundary which precluded solicitation near the entrances and exits of the polling places, thereby protecting the voting lines from congestion or undue disruption, but which permitted solicitation in other adjacent yet somewhat less proximate places, might perhaps pass constitutional muster.[1] Such a statute, carefully drafted to protect the rights of the speakers while furthering the state's legitimate interests, is not before the court today.[2] Accordingly, the court is of the opinion that the plaintiff will prevail on these issues at a final hearing. *See Calloway v. Block,* 763 F.2d 1283 (11th Cir.1985) (where the standard for issuance of a preliminary injunction is fully articulated).

Wherefore, the defendants, their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order are hereby restrained and enjoined, until further order of this court, from enforcing the provisions of O.C.G.A. § 21-2-414(b).

IT IS SO ORDERED.

---

**1.** Indeed, in regard to subsection 414(a) of the statute, a companion subsection, a Judge of this district has determined that a 25 foot boundary applicable to exit polling would be a reasonable restriction. *See Nat'l Broadcasting Co., Inc. v. Cleland,* 697 F.Supp. 1204 (N.D.Ga.1988).

**2.** The court declines the invitation to apply a narrowing construction to the statute as there appears no proper basis for severing the numerical boundary element from the other provisions of subsection 414(b). *Cf. Clean-Up '84 v.*

*Heinrich,* 759 F.2d 1511, 1514 (11th Cir.1985) (after finding unconstitutional a similar Florida statute regarding solicitation of signatures at polling places, court declined to opine on what boundary would pass constitutional muster). *See also Gooding v. Wilson,* 405 U.S. 518, 520–21, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972) (court is without authority to apply a narrowing construction if no readily apparent construction suggests itself).