Andrew J. SIGNORE, Plaintiff,

v.

CITY OF MONTGOMERY, Alabama, a municipal governmental entity, Defendant.

No. CIV.A.2:03 CV 931–A.

United States District Court, M.D. Alabama, Northern Division.

Jan. 28, 2005.

Roianne Houlton Conner, Law Office of Roianne Houlton Conner, Montgomery, AL, for Andrew J. Signore, Plaintiff.

Christopher Kyle Whitehead, Henry Lewis Gillis, Kenneth Lamar Thomas, Thomas Means Gillis & Seay PC, Montgomery, AL, Walter R. Byars, Steiner Crum & Baker, Montgomery, AL, for City of Montgomery, Alabama a municipal governmental entity, Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Senior District Judge.

### I. INTRODUCTION

This cause is before the court on a Motion for Summary Judgment filed by the Defendant, the City of Montgomery ("the City"), on December 16, 2004 (Doc. # 50).

The Plaintiff, Andrew J. Signore ("Signore"), originally filed his Complaint in this case on September 10, 2003, bringing several state and federal claims. This court ruled on a Motion to Dismiss filed by the City and dismissed many of Signore's claims with prejudice, but gave Signore time in which to re-plead his claim for violation of the First Amendment. Signore filed an Amended Complaint bringing First Amendment claims and a due process claim. In ruling on the City's Motion to Dismiss as to the Amended Complaint, the court dismissed the due process claim. The case proceeded on Signore's First Amendment claims, which are the subject of the City's Motion for Summary Judgment.

For reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the materi-

al facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. FACTS

The Plaintiff, Signore, is employed in the Police Department of the City of Montgomery. In March 2003, Signore learned from his wife, who is also employed in the Montgomery Police Department, that a vehicle driven by a police detective was stolen when the detective took her child to day care.

Several hours after hearing of the vehicle theft, Signore arrived at the Montgomery Police Department to begin his shift. In the parking lot, Signore saw a reporter for a local television news station. He has testified that he assumed the reporter was aware of the theft of the department vehicle. Signore asked the reporter whether she was there to report on the stolen detective vehicle. When it became apparent that the reporter was not aware that the vehicle had been stolen, Signore directed her to Lieutenant Huey Thornton ("Thornton") in the Public Information Office for the Montgomery Police Department.

Thornton conducted an investigation to determine how the reporter became informed about confidential information regarding the stolen vehicle and determined

that it was Signore who had disclosed the information.

Signore was charged with violating the Department's regulation against Divulging Internal Information and given a Notification of Disciplinary Hearing. The regulation for Divulging Internal Information provides as follows: "An employee will not communicate any information of an internal nature that concerns the Department, departmental activities or members to persons outside the organization without authorization."

Signore received a hearing before the Department Review Board. Signore was found guilty of the charge and was suspended without pay for five days. Signore appealed this determination first to Montgomery Police Chief John Wilson and then to the Office of the Mayor, and lost both appeals. A request to appeal to the Montgomery City County Personnel Board was denied. In addition to his suspension without pay, Signore also did not receive the merit step raise he was due to receive during the time his case was pending. Signore contends that these actions violated his First Amendment rights as guaranteed by the United States Constitution.

## IV. DISCUSSION

Signore has asserted that the City violated his First Amendment right to freedom of speech. A claim by a public employee that he was punished for exercising his right to freedom of speech[1] requires the court to conduct a four part inquiry. *See Watkins v. Bowden,* 105 F.3d 1344, 1352 (11th Cir.1997). First, the court must determine whether the alleged speech implicated a matter of public concern. *Id.* at 1352–53. If so, the court must weigh the employee's First Amend-

ment interest against the interest of the public employer. *Id.* at 1353; *Pickering v. Bd. of Ed.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) (the court must balance "an employee's interest as a citizen in commenting on matters of public concern ... against the state's interest as an employer 'in promoting the efficiency of the public services it performs through its employees.'"). This is known as the *Pickering* balancing test. If the employee prevails on the balancing test, the fact-finder determines whether the employee's speech was a substantial motivating factor in the employment decision. *Watkins,* 105 F.3d at 1353. Then, the defendant must prove by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct. *Id.* The first two elements are to be decided as a matter of law. *Brochu v. City of Riviera Beach,* 304 F.3d 1144, 1157 n. 23 (11th Cir.2002). The court begins its analysis with the question of whether Signore spoke on a matter of public concern.

"[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication." *City of San Diego v. Roe,* — U.S. —, 125 S.Ct. 521, 626, 160 L.Ed.2d 410 (2004). In deciding whether an employee's speech addresses a matter of public concern, the court must look to the content, form, and context of the employee's speech. *Bryson v. City of Waycross,* 888 F.2d 1562, 1565 (11th Cir.1989). Courts "consider whether the speech at issue was made primarily in the employee's role as citizen, or primarily in the role of employee." *Morgan v. Ford,* 6 F.3d 750, 754 (11th Cir.1993), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2708, 129 L.Ed.2d 836

---

1. Signore does not appear to assert a claim under the line of cases in which government employees speak on their own time on topics unrelated to employment. *See City of San Diego v. Roe,* — U.S. —, 125 S.Ct. 521, 160 L.Ed.2d 410 (2004).

(1994). A court may consider the employee's attempts to make the concerns public, along with "the employee's motivation in speaking." *Id.* (citation omitted).

Signore contends that he was speaking on a matter of public concern when he asked the reporter if she were there to report on the detective's vehicle which was stolen as she was dropping her child off at day care [2] because the public has an interest in knowing that someone has stolen property of the City.

As the City points out, Signore testified at various points in his administrative hearings and in the deposition conducted in this case that he was not attempting to convey information, but was instead trying to find out from the news reporter what the police department's statement about the incident was. For example, Signore testified at the Mayor's Review Board that when he spoke to the reporter he was trying to "extract information from her." Defendant's Exhibit 6, page 53: 2–3. When asked whether he was saying that he was trying to "get information from the media," Signore answered "yes, sir, that's correct." *Id.* at page 53: 4–6. In his deposition in this case, Signore explained that his purpose in speaking with the reporter was to "find out what the department's official response was when this theft of the police car." Signore Dep. at page 141: 14–16. The City further points out that Signore has testified in the Department Review Board hearing that he thought that the reporter was already aware of the theft of the officer's car. Defendant's Exhibit 1 at page 5. In fact, Signore's speech could almost be viewed as inadvertent because it was based on an erroneous assumption. The City argues, therefore, that Signore was not commenting on a matter of public concern because he was not attempting to relay information to the public. Instead, he was attempting to gain information for himself from someone he thought already had the information.

A public employee's subjective motive for speech, while not dispositive, is a factor that must be considered in determining whether speech is a matter of public concern. *See Morris v. Crow*, 117 F.3d 449, 457 (11th Cir.1997). In this case, there is evidence that Signore did not intend to impart information to the public, but was attempting to learn information for his own benefit. Also in his deposition, however, Signore testified that what he said was a matter of public concern because the citizens of Montgomery had a right to know that a vehicle they owned was stolen and being driven by a suspect. Signore Dep. at pages 108–109. Although Signore did not testify that he was motivated by a desire to inform the public, drawing all inferences in favor of the nonmovant, the court accepts that, although Signore was motivated by a desire to gain information for himself, he was also motivated partially by an intent to inform the public of a stolen vehicle.

With regard to the form, content, and context of the speech, the court does not agree with the City that this is a case in which the employee spoke for himself as an employee, because Signore did not ask a question about his own employment. *Morgan*, 6 F.3d at 754. Although Signore was not speaking as an employee, however, the evidence also indicates that he was not

---

**2.** The brief filed in opposition to the Motion for Summary Judgment actually characterizes Signore's speech as being a question about whether the stolen car had been recovered. Because that characterization of the question is not supported by any of the evidence provided to the court, the court has relied on the characterization of the question in evidentiary submissions.

speaking on behalf of the public as a citizen. *Id.* The evidence of the form, content, and context of the speech is that Signore asked a question of a reporter in the police department parking lot and then referred her to the Public Information Office rather than disclose further information once he learned that she was not aware of the incident. These circumstances, coupled with the evidence that Signore's intent was at least in part to gain information for himself, persuades the court that, even if the matter of a stolen public vehicle under other circumstances can be a matter of public concern, Signore was not speaking on a matter of public concern. At least with respect to *Pickering* balancing, if Signore was speaking on a matter of public concern, his interest is not a strong one. *See e.g., Stanley v. City of Dalton, Ga.* 219 F.3d 1280, 1290 n. 17 (11th Cir.2000) (citing *Dartland v. Metropolitan Dade County,* 866 F.2d 1321 (11th Cir.1989) for the proposition that the nature of the speech gave the speech a personal rather than public aspect and thereby diminished the interest of the plaintiff in expressing the sentiments).

■ The City contends that even assuming that the speech identified by Signore was a matter of public concern, Signore's speech concerned the subject of an open criminal investigation, and a matter to be investigated by internal affairs, so that his interest is outweighed under the *Pickering* balancing test. The City states that regulations are necessary to maintain the integrity of investigations and to ensure the safety of those involved. The City further contends that it has an interest in conducting investigations free from the confusion associated with the media's involvement, and that the knowledge that a police detective's vehicle was the vehicle which had been stolen meant that the ongoing investigation was disrupted.

■ Under the second prong of *Pickering* analysis, a court is to consider the following factors: (1) whether the speech at issue impedes the government's ability to perform its duties efficiently, (2) the manner, time, and place of the speech, and (3) the context within which the speech was made. *Stanley,* 219 F.3d at 1289.

With regard to the manner, time, and place of the speech, the Eleventh Circuit has found significant the difference between an officer off duty communicating privately with a friend, and an officer who spent police department time engaging in speech. *Bryson,* 888 F.2d at 1567. In this case, Signore had not yet entered the Department, but was still in the parking lot at the time he spoke to the reporter. Signore arrived at 2:00 and conducted roll call at 2:30, according to the Department Review transcript. *See* Defendant's Exhibit 1 at page 5. It is unclear, therefore, whether Signore can be considered to have engaged in his speech during Department time. It is clear, however, that he waited several hours between the time that he first learned of the theft and when he made his inquiry, that he was in the process of reporting to work, and that he was on Department property. There is also another aspect of timing which is significant in this case. The court has been presented transcripts of Signore's testimony at various points in the administrative process in which he testified that he asked the question of the reporter because he wanted to learn what the Department's official position on the matter was. *See e.g.,* Defendant's Exhibit 1 at pages 6–7. When asked, Signore agreed that he could have merely entered the building and asked for the same information from someone in the Department itself. *Id.* There was an ongoing criminal investigation at the point at which Signore approached the reporter. Therefore, the time, place, and

manner of the speech are factors which weigh against Signore.

With respect to the issue of whether the speech at issue impedes the government's ability to perform its duties efficiently, this case presents an unusual situation in that, unlike many First Amendment police department balancing cases, the interest balanced against the employee's interest in speaking on a matter of public concern is not merely in maintaining an efficient workplace, but is an interest in the efficiency of an ongoing investigation, which was indisputably underway at the time.

In *Orange v. District of Columbia*, 59 F.3d 1267 (D.C.Cir.1995), the plaintiff alleged that he had been terminated from his employment in retaliation for releasing information that a fuel oil supplier was overcharging. The court found that although the plaintiff's speech touched upon a matter of public concern, the *Pickering* balancing test weighed in favor of the defendant. *Id.* at 1273. In reaching this conclusion, the court noted that the employer was aware of the wrongdoing noted by the plaintiff prior to plaintiff's release of information on the subject and was in the process of conducting an investigation on the matter. *Id.* The court determined that the defendant's interest in protecting the integrity of its investigation into fraud clearly outweighed whatever interest the plaintiff had in disclosing confidential information obtained as a result of his own investigation. *Id.*

This court is persuaded by the reasoning of the *Orange* court that disclosure of information about an ongoing investigation can cause the *Pickering* balancing test to weigh in favor of a police department.

Signore has not refuted that he disclosed confidential information to the reporter which was relevant to the ongoing investigation, nor has he refuted the contention that such disclosure was disruptive to that investigation.[3] In fact, Signore has not responded to the City's *Pickering* balancing analysis other than to state that Signore's disclosure of information could have allowed the public to assist in locating the detective vehicle. In the deposition provided to the court, however, Signore stated that disclosure of information could be helpful in an investigation under the hypothetical posed in the deposition that the reporter had reported a full description of the vehicle, reported the area where it was stolen, and that the suspect had parked the car in front of someone's house. *See* Signore Dep. at page 106 and page 169. That hypothetical, of course, does not represent the facts of this case. Even if there is a possibility that disclo-

---

**3.** Signore pled in his Amended Complaint that the information he disclosed had been placed in the public domain and had been posted on a clip board available to the public. The Defendant presented evidence to refute Signore's allegation in its Motion for Summary Judgment to which Signore has not responded in any way. Accordingly, Signore is deemed to have abandoned this contention. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995) ("grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

The court notes, however, having reviewed the evidence presented by the Defendant, that the information that the vehicle was a police department vehicle, as opposed to another City vehicle, was not explicitly stated on the report made available to the public, nor was the fact that the detective was dropping her child off at the day care. *See* Signore Dep. page 77: 23–78:2; page 79: 15–16. The Defendants also point out that the vehicle was not identified in the radio communications as a detective vehicle, but merely a City vehicle. *See* Signore Dep. at page 83: 18–21. There also was no explicit mention in any radio communications that a police detective was dropping her child off at day care at the time of the theft. *See* Defendant's Exhibit 12.

sure of the information in question might have aided in the investigation, rather than impede it, that slight possibility appears to the court to simply be a factor to be weighed along with the other relevant factors in the *Pickering* balancing test. Furthermore, there is no contention that revealing the information in question would aid in any internal affairs investigation.[4]

Considering all of the relevant factors, the court concludes that, to the extent that Signore was speaking on a matter of public concern that public property had been stolen, Signore's interest is a weak one which is outweighed by the City's interest in ensuring efficient investigations by preserving as confidential details of a vehicle theft while the criminal investigation, and possibly internal affairs investigation, proceeded. The court concludes, therefore, that Signore's speech was not entitled to protection under the First Amendment and that the court need not conduct the remaining First Amendment analysis. Summary judgment is due to be GRANTED as to the claim that Signore's First Amendment rights were violated by the disciplinary action taken against him.

Signore also claims that the regulation pursuant to which he was disciplined is over broad. "The danger in an over broad statute is not that actual enforcement will occur or is likely to occur, but that third parties, not before the court, may feel inhibited in utilizing their protected first amendment communications because of the existence of the overly broad statute."

*Clean Up '84 v. Heinrich*, 759 F.2d 1511, 1514 (11th Cir.1985).

The City argues that an over breadth challenge has not been raised adequately in this case because the Plaintiff has not sought standing on behalf of third parties, nor has he requested any type of declaratory or injunctive relief.

The Plaintiff's request for relief in the Amended Complaint is in the form of monetary damages related to his disciplinary action. *See* Amended Complaint at unnumbered page 7.[5] The time for amendment of the pleadings has passed. *See* Uniform Scheduling Order at section 4. Further, in his brief, the Plaintiff states that the statute is over broad and "violates the Plaintiff's First Amendment rights." Plaintiff's Response at page 19. Therefore, at no point has the Plaintiff sought to, nor can he seek to, vindicate the First Amendment rights of third parties.

In addition, although it is unclear whether Signore is advancing this argument, to the extent that the Plaintiff is arguing that an over breadth theory can support his individual claim for violation of the First Amendment, that argument is unavailing. The Sixth Circuit Court of Appeals has addressed the question of whether a rule which is invalid as over broad can support an individual claim. *See Dambrot v. Central Michigan Univ.*, 55 F.3d 1177 (6th Cir.1995). The court adopted the district court's explanation that a plaintiff can only demonstrate that harm resulted from the application of an invalid policy if his speech was protected. *Id.* at 1185. The court

---

4. In his Department Review Board hearing, Signore admitted that it would make sense that there would be an internal affairs investigation of the stolen vehicle. *See* Defendant's Exhibit 1 at page 14.

5. Specifically, the Plaintiff pleads as follows: "WHEREFORE, the premises considered, the Plaintiff demands judgment against the

Defendants in the amount to be determined by a jury to include the salary and benefits lost due to the suspension, the salary and benefits lost due to the denial of his merit raise, in this cause as well as pay reasonable attorney's fees and cost to the Plaintiff."

reasoned that without a finding that his speech is protected, the application of even an invalid policy does not injure the plaintiff. *Id.* This court is persuaded by this reasoning and concludes that in the absence of an over breadth claim seeking declaratory or injunctive relief on behalf of others, and in the absence of speech protected by the First Amendment, summary judgment is due to be GRANTED on the over breadth claim.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Summary Judgment (Doc. # 50) is GRANTED. A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

## FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order entered on this date, Judgment is entered in favor of the Defendant, the City of Montgomery, Alabama, and against the Plaintiff, Andrew J. Signore.

Costs are taxed against the Plaintiff.